1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE
9
   KENNETH DUANE AGTUCA,                    Case No. C16-1981RSL
10
                 Petitioner,
11                                          ORDER GRANTING
                 v.                         MOTION UNDER 28 U.S.C.
12                                          § 2255 TO VACATE, SET
   UNITED STATES OF AMERICA,                ASIDE, OR CORRECT
13                                          SENTENCE
                 Respondent.
14

15        In this motion under 28 U.S.C. § 2255, petitioner Kenneth Agtuca moves to vacate, set

16 aside, or correct the life sentence he received for convictions of armed bank robbery, being a

17 felon in possession of a firearm, and two related charges. Dkt. # 1. The Court has considered the

18 parties' memoranda, the exhibits, and the remainder of the record. For the following reasons, the

19 petition is GRANTED.

20                              **I.        BACKGROUND**

21        Mr. Agtuca's life sentence stems from four convictions related to his 1992 robbery of a

22 South Seattle bank. A jury convicted him of armed bank robbery (in violation of 18 U.S.C.

23 §§ 2113(a), (d)), conspiracy to commit armed bank robbery (18 U.S.C. § 371), being a felon in

24 possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(e)(1)), and use of a firearm during a crime

25 of violence (18 U.S.C. § 924(c)(i)). Mr. Agtuca received a sentence of life imprisonment

26 followed by a consecutive sentence of 60 months.

27        Mr. Agtuca's life sentence—unusually long for his crimes—resulted from his felon-in-

28 possession conviction combined with his extensive criminal history. Under the Armed Career

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 1

Criminal Act (ACCA), a defendant convicted of being a felon in possession faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e). The Act defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). Subsection (i) of the definition is known as the elements clause, and the final clause of subsection (ii)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is known as the residual clause. Welch v. United States, 136 S. Ct. 1257, 1261 (2016).

When Mr. Agtuca was sentenced, he had five relevant convictions under Washington law: one conviction for first-degree assault, two convictions for second-degree assault, and two convictions for robbery. The sentencing judge determined that all five qualified as violent felonies, but did not specify which ACCA subsection applied.

Since then, the Supreme Court has interpreted the definition of "violent felony" several times and narrowed the range of crimes that qualify as ACCA predicates. See, e.g., Johnson v. United States (Johnson I), 559 U.S. 133, 140 (2010); Chambers v. United States, 555 U.S. 122, 122 (2009); Begay v. United States, 553 U.S. 137, 141 (2008). Most notably, the Supreme Court in Johnson v. United States (Johnson II), 135 S. Ct. 2551 (2015), struck down the residual clause as unconstitutionally vague, id. at 2555, which the Court later determined was a substantive decision retroactive in cases on collateral review, Welch, 136 S. Ct. at 1268.

Mr. Agtuca filed the instant petition claiming that Johnson II undermines the legality of his life sentence because his predicate convictions no longer qualify as violent felonies.[1]

---

[1] In addition to claiming his predicate convictions do not qualify as violent felonies, Mr. Agtuca also claims that Johnson II undermines his conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(i). Section 924(c) defines "crime of violence" with reference to a

# II.  DISCUSSION

## A.  Procedural Default

The government first argues that Mr. Agtuca's claims are procedurally defaulted because he did not raise them at sentencing or on direct appeal. Mr. Agtuca concedes he failed to raise the claims previously, but asserts his default is excused because he can show cause and prejudice. See United States v. Frady, 456 U.S. 152, 168 (1982). The government does not contest prejudice, but argues that Mr. Agtuca cannot show cause.

The Court concludes petitioner establishes cause. Johnson II explicitly overruled previous Supreme Court precedent, and the basis for making the claim was not reasonably available at the time of Mr. Agtuca's previous proceedings. See Reed v. Ross, 468 U.S. 1, 17 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986).

## B.  Reliance on the Residual Clause

The government also argues that relief is foreclosed because Mr. Agtuca has not shown that the sentencing judge relied on the residual clause in determining that Mr. Agtuca's predicates were crimes of violence.

"[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in Johnson II." United States v. Geozos, 870 F.3d 890, 896 (9th Cir. 2017). If, however, binding circuit precedent at the time of sentencing dictated that a predicate at issue qualified as a violent felony under the elements clause, then a court's failure to expressly invoke the elements clause at sentencing does not render unclear the ground for the court's ACCA determination. Id.

The government points to no binding precedent at the time of sentencing dictating that Mr. Agtuca's robbery or second-degree assault convictions were violent felonies under the

residual clause worded similarly to the clause struck down in Johnson II. The crime of violence underlying Mr. Agtuca's conviction was armed bank robbery (18 U.S.C. §§ 2113(a), (d)), which the Ninth Circuit recently held categorically qualifies under § 924(c)'s elements clause (as opposed to the residual clause). United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam). Mr. Agtuca acknowledges that Watson is fatal to his § 924(c) claim, and that claim is accordingly DENIED.

elements clause. For that reason, the Court concludes that Mr. Agtuca's petition "relies on" the new constitutional rule announced in <u>Johnson II</u>. <u>See</u> <u>Geozos</u>, 870 F.3d at 896.

**C.    Mr. Agtuca's Predicate Convictions**

The next question is whether Mr. Agtuca's predicate convictions otherwise qualify as violent felonies independent of ACCA's residual clause. Mr. Agtuca does not contest that his first-degree assault conviction qualifies, leaving his convictions for second-degree assault and robbery. To determine whether those convictions qualify, the Court applies the categorical approach explained in <u>Taylor v. United States</u>, 495 U.S. 575 (1990), and clarified in <u>Descamps v. United States</u>, 570 U.S. 254 (2013), and <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016).

First, the Court decides whether the elements of the prior crime match the elements of the generic definition of a violent felony. <u>United States v. Slade</u>, 873 F.3d 712, 714 (9th Cir. 2017). The relevant definition of "violent felony" is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] 18 U.S.C. § 924(e)(2)(B)(ii). "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." <u>Johnson I</u>, 559 U.S. at 140.

Next, "[i]f the statute of conviction is overbroad and not a categorical match, [the Court] then ask[s] whether the statute is divisible into separate crimes with unique elements." <u>Id.</u> If the statute is divisible, only then may the Court use the so-called "modified categorical approach," which directs the Court to "look[] to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." <u>Mathis</u>, 136 S.Ct. at 2249. Whether a statute is divisible depends on whether its "statutory alternatives present . . . different 'means' by which a person can commit [a] single crime . . . or whether they instead present the 'elements' of . . . separate sub-crimes." <u>United States v. Robinson</u>, 869 F.3d 933, 938 (9th Cir. 2017). "This, in turn, depends on whether a jury must unanimously agree on which of the . . . statutory alternatives a defendant committed to return a conviction." <u>Id.</u>; <u>see Mathis</u>, 136 S. Ct. at 2248 ("'Elements' . . . are what the jury must find beyond a reasonable doubt to convict the

---

[2] None of Mr. Agtuca's predicates qualifies as an offense enumerated in § 924(e)(2)(B)(ii).

defendant."). If jury unanimity is required, then the alternatives are elements, but if a jury could return a conviction without agreeing on which particular statutory alternative applied, then the statute is indivisible. Robinson, 869 F.3d at 938.

### 1. Mr. Agtuca's Convictions for Washington Second-Degree Assault Do Not Constitute Violent Felonies

The Washington assault statue that served as the basis for two of Mr. Agtuca's predicates provides seven alternative ways of violating the statute.[3] That statute has since been repealed and superseded, but the successor statute contains functionally identical language. See RCW § 9A.36.021. In United States v. Robinson, 869 F.3d 933 (9th Cir. 2017), the Ninth Circuit interpreted the successor statute and held that it was overbroad, id. at 938. Washington's successor assault statute, like Mr. Agtuca's statute of conviction, allows for conviction if a person "[w]ith intent to commit a felony, assaults another." RCW § 9A.36.021(1)(e)(5). That sweeps more broadly than the definition of a violent felony because it "does not necessarily

---

[3] In full, Mr. Agtuca's statute of conviction provided:

Every person who, under circumstances not amounting to assault in the first degree—

(1) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or

(2) With intent thereby to enable or assist himself or any other person to commit any crime, shall administer to, or cause to be taken by, another, chloroform, ether, laudanum or any other intoxicating narcotic or anesthetic; or

(3) Shall willfully inflict grievous bodily harm upon another with or without a weapon; or

(4) Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm; or

(5) Being armed with a deadly weapon shall willfully assault another with a whip; or

(6) Shall assault another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person; or

(7) While hunting any game or other animals or birds, shall shoot another;

Shall be guilty of assault in the second degree . . . .

RCW § 9.11.020 (repealed 1975).

ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255 - 5

1  require the actual, attempted, or threatened use of force capable of causing physical pain or

2  injury to another." Robinson, 869 F.3d at 938. For that reason, Mr. Agtuca's statute of

3  conviction is likewise overbroad.

4      The statute is also indivisible. Washington crimes that list alternative means of violating a

5  statute do not require jury unanimity as to the particular means. State v. Smith, 159 Wn.2d 778,

6  783 (2007) (en banc) ("It is well established . . . that when the crime charged can be committed

7  by more than one means, the defendant does not have a right to a unanimous jury determination

8  as to the alleged means used to carry out the charged crime or crimes should the jury be

9  instructed on more than one of those means."); State v. Crane, 116 Wn.2d 315, 325–26 (1991)

10 (en banc) (explaining that "[u]nanimity is not required . . . as to the means by which the crime

11 was committed"). Washington's appellate courts have applied that principle to the particular

12 assault provision that Mr. Agtuca violated. See State v. Hutton, 7 Wn. App. 726, 732 (1972).

13 The same reasoning led the Ninth Circuit to conclude that the successor assault statute is

14 indivisible as well. See Robinson, 869 F.3d at 938.

15     The government cites records underlying Mr. Agtuca's convictions to show that he was

16 convicted of conduct that actually involved physical violence. The government cites circuit

17 precedent that previously allowed courts to look past convictions under indivisible statutes and

18 evaluate certain underlying facts, but the Ninth Circuit has clearly held that the precedent the

19 government cites was abrogated by Mathis and Descamps. United States v. Slade, 873 F.3d 712,

20 715 (9th Cir. 2017) (recognizing abrogation of United States v. Jennen, 596 F.3d 594 (9th Cir.

21 2010), and United States v. Lawrence, 627 F.3d 1281 (9th Cir. 2010)). In Mathis and Descamps,

22 the Supreme Court "made clear that a court may not look behind the elements of a generally

23 drafted [indivisible] statute to identify the means by which a defendant committed a crime."

24 Mathis, 136 S. Ct. at 2255. Because Washington's predecessor second-degree assault statute is

25 both overbroad and indivisible, it does not qualify as a violent felony for purposes of ACCA.

26

27

28

## 2. Mr. Agtuca's Convictions for Washington Robbery Do Not Constitute Violent Felonies

The Washington statue that was the basis for Mr. Agtuca's two robbery predicates also provides alternative ways of violating the statute. That statute has also been repealed and superseded by a similarly worded robbery statute. See RCW § 9A.56.190. Notably, one way of committing robbery under both versions is by means of force, violence, or fear of injury to a victim's property. See RCW § 9.75.010 (repealed 1975) ("Robbery is the unlawful taking of personal property . . . by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company . . . ."). The government concedes that this makes the statute overbroad, Dkt. # 8 at 31, because a defendant may violate it without applying "force capable of causing physical pain or injury to another person," Johnson I, 559 U.S. at 140.

Washington's predecessor robbery statute is also indivisible for the reasons that apply to the assault statute discussed above—namely, that jury unanimity on the means of violation is not necessary for conviction. See Smith, 159 Wn.2d at 783; Crane, 116 Wn.2d at 325–26. That conclusion squares with the reasoning of decisions in this district and elsewhere that Washington's successor robbery statute is indivisible.[4] The government again points to underlying facts in Mr. Agtuca's convictions that indicate his convictions were for crimes against persons, not property. As noted, Mathis prohibits exploring a conviction's underlying facts when the statute of conviction is indivisible, 136 S. Ct. at 2255, and the Ninth Circuit has recognized the abrogation of precedent holding otherwise, see Slade, 873 F.3d at 715. Because the statute underlying Mr. Agtuca's robbery convictions is both overbroad and indivisible, those convictions do not qualify as violent felonies for purposes of ACCA.

---

[4] See United States v. Bercier, 192 F. Supp. 3d 1142, 1151 (E.D. Wash. 2016); Lee v. United States, No. C16-949JLR, 2017 WL 387391, at *6 (W.D. Wash. Jan. 27, 2017); Haffner v. United States, No. C16-448RAJ, 2016 WL 6897812, at *8 (W.D. Wash. Nov. 23, 2016); United States v. Kleckner, No. CR09-32JLQ, 2016 WL 6089820, at *4 (E.D. Wash. Jul. 11, 2016); United States v. Ellingsworth, No. CR09-6055WFN, 2016 WL 1253821, at *4 (E.D. Wash. Mar. 8, 2016).

### III.    CONCLUSION

Having determined that four of Mr. Agtuca's predicate convictions do not qualify as violent felonies for purposes of ACCA, the Court concludes that he no longer qualifies for the enhancement underlying his life sentence.

For that reason and the other reasons explained above, Mr. Agtuca's motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence, Dkt. # 1, is GRANTED. The court VACATES and SETS ASIDE the sentence in No. CR93-407RSL. The parties shall contact the Court to schedule resentencing. The Court further DIRECTS the Clerk of Court to close this case and to forward a copy of this order to Mr. Agtuca and all counsel of record.

DATED this 14th day of May, 2018.


Robert S. Lasnik
United States District Judge